

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

       Plaintiff,

v.

TRUDY GILMOND, OLIVE GILMOND, and
KELLIE KING,

       Defendants.

Civil No.: 5:19-cv-170

## COMPLAINT TO SET ASIDE FRADULENT CONVEYANCE AND FOR OTHER RELIEF

Plaintiff, the United States Securities and Exchange Commission ("SEC" or "Commission"), for its compliant, alleges as follows:

### A. Introduction

1. This is a civil action against Trudy Gilmond to recover the proceeds from a fraudulent transfer designed to hinder, delay and defraud creditors, including the Commission.

### B. Jurisdiction and Venue

2. The Court has jurisdiction over this case under 28 U.S.C. § 1345, because the Plaintiff is an agency of the United States, as well as 28 U.S.C. §§ 3301-3308 (the Federal Debt Collection Procedures Act ("FDCPA")).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because the subject property is located within this district.

## C. Parties

4. Plaintiff, the United States Securities and Exchange Commission, seeks to enforce collection of a Judgment entered against Trudy Gilmond in *SEC v. Trudy R. Gilmond,* Case No. 3:15-0091-GCM (W.D.N.C.) (the "Judgment").

5. Trudy Gilmond is a Judgment debtor ordered to disgorge $1,752,673.47, plus prejudgment interest of $169,084, and to pay a civil penalty of $150,000. Trudy Gilmond has not made any payments towards the Judgment. Trudy Gilmond resides in St. Albans, Vermont.

6. Olive Gilmond resides in St. Albans, Vermont. Olive Gilmond is named as a party to this action, because she may claim an interest in the real property at issue in this action.

7. Kellie King ("King") resides in St. Albans, Vermont. King is named as a party to this action, because she may claim an interest in the real property at issue in this action.

## D. Background

8. Trudy Gilmond unlawfully promoted and sold securities in the form of investment contracts with ZeekRewards.com ("ZeekRewards"), a combined Ponzi and pyramid scheme securities offering fraud.

9. From January 2011 to August 2012, Paul R. Burks ("Burks") raised more than $850 million from approximately one million investors through an unregistered and fraudulent offering of securities in the form of investment contracts through ZeekRewards, a website Burks owned and controlled through his company Rex Venture Group LLC ("RVG").

10. On August 17, 2012, the Commission filed a settled emergency civil action against Burks and RVG, shutting down ZeekRewards, freezing all its assets and appointing a Receiver.

11. From at least September 2011 until ZeekRewards was shut down in August 2012, Trudy Gilmond was one of the most successful and prolific promoters of ZeekRewards, persuading investors to buy the ZeekRewards securities as part of an unregistered distribution for which no securities registration exemption was available. For her efforts, Trudy Gilmond received: at least $461,963.90 in transaction-based commissions; at least $1.3 million in bogus profit sharing; and helped ensure ZeekRewards' success.

12. Aware that ZeekRewards was under investigation by several law enforcement agencies and that the business was in serious trouble in 2012, Trudy Gilmond and others withdrew substantial sums of money from the scheme before it was shut down, without advising investors that the scheme was likely to collapse.

13. On February 28, 2014, the Receiver, in a matter related to the SEC's suit, sued a group of RVG participants who received more money from ZeekRewards than they paid in to ZeekRwards (the "Clawback Action"). Trudy Gilmond was one of the defendants.

14. On May 29, 2015, Judgment was entered in the Clawback Action against Trudy Gilmond in the amount of $2,129,522.27. Trudy Gilmond has not paid any portion of this judgment.

15. On December 4, 2015, the Commission filed a separate complaint charging Trudy Gilmond with violating Sections 5(a), 5(c), 17(a) of the Securities Act, and Section 15(a)(1) of the Exchange Act.

16. On June 21, 2017, the SEC obtained its Judgment against Trudy Gilmond for disgorgement and prejudgment interest totaling $1,921,757.47 and a civil penalty of $150,000. Trudy Gilmond has not paid any portion of the Judgment.

### E. Fraudulent Transfer

17.  Shortly after the SEC filed suit against RVG on August 17, 2012, Trudy Gilmond began withdrawing substantial sums of money from the ZeekRewards scheme.

18.  Trudy Gilmond used multiple entities, banks, and individuals to transfer the funds she received from the fraud.

19.  Between August 2013 and January 2014, Trudy Gilmond transferred at least $400,000 through several accounts.

20.  She then withdrew the funds in over 35 cash withdrawals under the $10,000 Bank Secrecy Act reporting requirement.

21.  In March 10, 2014, four days after Trudy Gilmond received notice that the Receiver filed suit against her, she conveyed certain real property located at 3798 Ethan Allen Highway, St. Albans, Vermont ("Subject Property") to her mother Olive Gilmond.

22.  Trudy Gilmond conveyed the Subject Property for no consideration. At the time of transfer, the Subject Property was an undeveloped lot. During the next year, Trudy Gilmond managed the construction of a home on the Subject Property costing approximately $250,000. The expenses for the construction were paid in cash.

23.  During a post-judgment deposition, the SEC questioned Trudy Gilmond about the transfer of the Subject Property and the construction on that property.

24.  Trudy Gilmond falsely denied ever owning the Subject Property.

## Count I

### Fraudulent Transfer under 28 U.S.C. § 3304(b)(1)(A)
### With Intent to Hinder, Delay or Defraud a Creditor

25. The SEC realleges and incorporates the above allegations.

26. Trudy Gilmond transferred the Subject Property to her mother, Olive Gilmond, with actual intent to hinder, delay or defraud a creditor.

27. Trudy Gilmond transferred the Subject Property to an insider, her mother, Olive Gilmond.

28. Trudy Gilmond falsely denied owning the Subject Property during a deposition.

29. After the transfer of the Subject Property, Trudy Gilmond continued to exert control over the Subject Property by managing the construction.

30. The transfer was substantially all of Trudy Gilmond's assets.

31. Before the transfer occurred, Trudy Gilmond was served with a complaint by the Receiver.

32. The above acts by Trudy Gilmond are "badges of fraud."

33. Olive Gilmond did not take the Subject Property in good faith and for a reasonably equivalent value and is not, therefore, a good faith transferee.

## Count II
### Fraudulent Transfer under 28 U.S.C. § 3304(b)(1)(B)
### Did Not Receive Reasonably Equivalent Value for the Transfer

34. The SEC realleges and incorporates the above allegations.

35. The transfer from Trudy Gilmond to Olive Gilmond described above was fraudulent as to the SEC, since Trudy Gilmond did not receive reasonably equivalent value for the transfer and Trudy Gilmond intended to incur, or believed or reasonably believed that she would incur, debts beyond her ability to pay as they become due.

36. Olive Gilmond did not take the Subject Property in good faith and for a reasonably equivalent value and is not, therefore, a good faith transferee.

## Count III
### Fraudulent Transfer under 9 V.S.A. § 2288(a)(1)
### With Intent to Hinder, Delay or Defraud a Creditor

37. The SEC realleges and incorporates the above allegations.

38. The transfer from Trudy Gilmond to Olive Gilmond described above was fraudulent as to the SEC, since Trudy Gilmond did not receive reasonably equivalent value and the transfer rendered Trudy Gilmond insolvent.

39. The transfer to Olive Gilmond was fraudulent as to the SEC, since it was made with the actual intent to hinder, delay or defraud the SEC.

40. With respect to the fraudulent transfer described above, the following badges of fraud are applicable and are to be considered in determining actual intent:

(a) the transfer was to an insider;

(b) the transfers were made shortly after Trudy Gilmond was served with a complaint by the Receiver;

(c) the transfer dissipated nearly all of Trudy Gilmond's assets;

(d) Trudy Gilmond misled the SEC when questioned about her ownership of the Subject Property and her involvement with the construction project on the Subject Property; and

(e) no consideration was received by Trudy Gilmond in exchange for the transfer.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States Securities and Exchange Commission, respectfully requests the Court to adjudge and decree as follow s:

A.   Pursuant to 28 U.S.C. § 3306(a)(1), the avoidance of the fraudulent transfer to Olive Gilmond, and ordering the sale of the Subject Property with the sale proceeds distributed to the Commission to the extent necessary to satisfy the Judgment entered against Trudy Gilmond;

B.   Pursuant to 9 V.S.A. § 2288(a)(1), the avoidance of the fraudulent transfers to Olive Gilmond, and ordering the sale of the Subject Property with the sale proceeds distributed to the Commission to the extent necessary to satisfy the Judgment entered against Trudy Gilmond;

C.   That the Court award the SEC a surcharge, or alternatively, costs and fees as allowed by 28 U.S.C. § 3011.

D.   Such other and further relief as the Court deems just and proper.

Dated: September 25, 2019
      Washington, D.C.

Respectfully submitted,

*/s/ Michael J. Roessner*

Michael J. Roessner
Attorney for Plaintiff
United States Securities and Exchange Commission
100 F Street, N.E., Mail Stop 5631
Washington, D.C. 20549
(202) 551-4347 (Phone)
(703) 813-9366 (Fax)